IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **JOSHUA A. HUFFMAN,** | * |
| Plaintiff, | *     Case No.: GJH-16-514 |
| v. | * |
| **WICOMICO COUNTY DETENTION CENTER**, *et al.*, | * |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Joshua Huffman is a Maryland state prisoner who is presently incarcerated at Western Correctional Institution in Cumberland, Maryland. Now pending is Huffman's Complaint filed pursuant to 42 U.S.C. § 1983, which he supplemented at the direction of the Court. ECF No. 1; ECF No. 6. Defendants, the Wicomico County Detention Center ("WCDC"), MCO Shovel, Lieutenant Byrd, Mrs. Williams, and Sergeant Gonzalez, by their counsel, pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure, move to dismiss the Complaint with prejudice, or in the alternative, for summary judgment. ECF No. 12.[1] Huffman filed an Opposition in reply. ECF No. 14.

The matter is ready for disposition. The Court finds that a hearing is unnecessary. *See* Loc. R. 105.6. (D. Md. 2016). For reasons to follow, Defendants' Motion to Dismiss is granted.

---

[1] Service was attempted, but not obtained on Major Moore due to his death prior to the filing of the suit. ECF No. 7, 8. As will be discussed, the Complaint and Supplement raise no specific claims against Moore and is thus subject to dismissal as to Major Moore.

1

I.  BACKGROUND

Between April and June 2015, Huffman was confined at WCDC. ECF No. 1 at 3. Huffman alleges that he was kept in protective custody on lock down status "for no reason" and allowed only one hour of recreation time, during which there was no access to bathroom facilities. *Id.* Huffman supplemented the Complaint to allege that there was black mold in his cell and that the kitchen was infested with roaches. ECF No. 6 at 1, 8. He also explained that during his limited recreation time, he was ordered to use the shower as a bathroom. *Id.* at 2. He complains his cell lacked fresh air causing him self-reported asthma attacks, worsening of his COPD (chronic obstructive pulmonary disease), and anxiety attacks. ECF No. 6 at 3-4. Huffman further alleges that staff would not let him use his emergency COPD inhaler and purposefully ignored him when he tried to get their attention to request his inhaler. *Id.* at 4. Huffman claims his cell "felt like 110 degrees" and had no windows or air conditioning. *Id.* at 7. He states officers placed a fan in the hall which provided little relief, and told him there was nothing they could do about the temperature. *Id.*

Huffman also asserts he was denied adequate access to the law library. *Id.* at 5. He posits that he might have gone to the library five or six times, and each time his visit lasted less than one hour. *Id.* Huffman asserts that "everyone" filed complaints and grievances about the conditions at WCDC, but they were ignored. *Id.* at 6. As relief, he seeks $1 million in damages. ECF No. 1.

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if it "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the

facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

### III. DISCUSSION

As a preliminary matter, the Court notes that WCDC is a prison facility, not a "person" subject to suit under 42 U.S.C. § 1983. Inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Preval v. Reno,* 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail,* 722 F. Supp. 1294, 1301 (E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Thus, Huffman's §1983 claims against WCDC will be dismissed with prejudice.

Further, liability on the part of the remaining defendants requires a showing that the named Defendants acted personally in the deprivation of his rights. *See Preval,* 57 F. Supp. 2d at 310 ("liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights."). Apart from naming Defendants in the

3

supplement to the Complaint, nowhere does Huffman attribute a specific action or omission to any Defendant that deprived him of his constitutional rights. *See generally* ECF 2; ECF 6. The Court would reach the same conclusion even if it were to construe Huffman's subsequent submissions, including his response to Defendant's Motion to Dismiss, ECF Nos. 14 and a letter to the Court on November 13, 2016, ECF No. 15, as attempts to amend his Complaint. In those documents, Huffman references an argument he had with one Defendant, Officer Shovel, but does not allege that Officer Shovel took any action to deprive him of a constitutional right. ECF No. 14 at 2; ECF No. 15 at 3.[2] A federal court may not act as an advocate for a self-represented litigant, see *Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

The named Defendants therefore are also entitled to dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6); *see also* 28 U.S.C. §1915(e)(2)(B)(ii) (mandating dismissal at any time if the Court determines the action fails to state a claim on which relief may be granted). Because Huffman is self-represented, the dismissal will be without prejudice and Huffman will be permitted to supplement his Complaint to explain the specific action that each named Defendant took to deprive him of a constitutional right.

---

[2] Huffman also mentions that Officer Kellum allegedly refused to provide him with copies of his grievances for his records. ECF No. 15 at 5. Because Officer Kellum is not a named defendant in this case, any allegations against him cannot be considered by the Court.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 12, shall be granted.

A separate Order follows.

Dated: July 24, 2017

GEORGE J. HAZEL
United States District Judge